IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEROME B. REED, | § | |
| | § | |
| Defendant Below, | § | No. 673, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 0101023931 |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 15, 2015
Decided: February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 12th day of February 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jerome Reed, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a) ("Rule 35(a)").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Reed's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, on October 3, 2001, a Superior Court jury found Reed guilty of Robbery in the First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Kidnapping in the Second Degree, two counts of Burglary in the Second Degree, Theft, Theft of a Senior, and Criminal Mischief. Reed was declared a habitual offender under 11 *Del. C.* § 4214(a) and sentenced as follows: (i) for Robbery in the First Degree, twenty years of Level V incarceration; (ii) for PFDCF, five years of Level V incarceration, with credit for 297 days previously served; (iii) for Kidnapping in the Second Degree, ten years of Level V incarceration; (iv) for each count of Burglary in the Second Degree, eight years of Level V incarceration; (v) for Theft, two years of Level V incarceration, suspended for two years of Level III probation; (vi) for Theft of a Senior, one year of Level V incarceration, suspended for one year of Level III probation; and (vii) for Criminal Mischief, a fine. Reed was thus sentenced to a total of fifty-four years of Level V incarceration. This Court affirmed the judgment of the Superior Court on direct appeal.[2]

(3) On September 3, 2014, Reed filed a motion for correction of sentence under Rule 35(a). After the State filed a response to the motion, the Superior Court denied the motion on October 31, 2014. This appeal followed.

---

[2] *Reed v. State*, 2002 WL 1358062 (Del. June 21, 2002).

(4)     Reed argues on appeal, as he did in the Superior Court, that his sentences are illegal because they exceed, in the aggregate, the forty-five year maximum proscribed by 11 *Del. C.* 4214(a) and because they are based on elements not proven to the jury beyond a reasonable a doubt.  We review the Superior Court's denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[3]  Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[4]

(5)     Reed contends that his sentences could not exceed forty-five years in the aggregate under Section 4214(a) because he could receive a sentence of "up to life" under Section 4214(a) and life is defined as a term of forty-five years.  Reed cites no relevant authority in support of this argument.  Contrary to Reed's contentions, 11 *Del. C.*  § 4346(c)—which provides that for purposes of parole eligibility a life term is considered a fixed term of forty-five years—does not limit

---

[3] *Fountain v. State*, 2014 WL 4102069, at \*1 (Del. Aug. 19, 2014).

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

a defendant's maximum sentence for multiple violent felonies under Section 4214(a) to forty-five years.

(6) Reed's reliance on *Crosby v. State*[5] and *Evans v. State*[6] is also misplaced. In *Crosby*, we concluded that a life sentence imposed after the Truth-in-Sentencing statute, under then-extant Section 4214(a) was to be considered as a fixed term of forty-five years and that a life sentence for Forgery in the Second Degree violated the Eighth Amendment.[7] We clarified in *Evans* that the *Crosby* holding applied to non-violent habitual offenders under Section 4214(a).[8] Unlike the defendant in *Crosby*, Reed was convicted and sentenced as a habitual offender for multiple violent felonies and did not receive a life sentence for any of those convictions.

(7) In *Evans*, we held that a defendant sentenced to life imprisonment before the Truth-in-Sentencing statute had a natural life sentence with the possibility of parole, but not conditional release.[9] Unlike the defendant in *Evans*, Reed was sentenced after the Truth-in-Sentencing statute was enacted and he did

---

[5] 824 A.2d 894 (Del. 2003).

[6] 872 A.2d 539 (Del. 2005).

[7] *Crosby*, 824 A.2d at 896.

[8] *Evans*, 872 A.2d at 558.

[9] *Id.*

not receive a life sentence for any of his convictions. Neither *Crosby* nor *Evans* support Reed's argument that his total sentence for multiple violent felonies was limited to forty-five years or less under Section 4214(a). We conclude that this argument is without merit.

(8) Reed next claims that his sentences are illegal because they were based on elements not proven to the jury beyond a reasonable a doubt. To the extent Reed claims that the jury needed to find he was convicted of previous felonies before he could be sentenced under Section 4214(a) or Section 1447A for the PFDCF conviction,[10] a defendant's previous criminal record does not have to be submitted to a jury and proven beyond a reasonable doubt.[11] Contrary to Reed's contention, the United States Supreme Court's decision in *Alleyne v. United States*[12] does not hold otherwise. In *Alleyne*, the United States Supreme Court held that any fact increasing a mandatory minimum sentence for a crime is an element

---

[10] A person convicted of PFDCF is (and was at the time Reed was convicted) subject to a minimum mandatory sentence of five years if at least twice previously convicted of a felony. 11 *Del. C.* 1447A(c), (d).

[11] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added); *Fountain v. State*, 2014 WL 4102069, at *2 (relying on *Apprendi* to hold that previous conviction increasing mandatory minimum sentence did not have to be submitted to jury).

[12] —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

of a crime that must be submitted to the jury, but recognized, and declined to revisit, the exception for previous convictions.[13]

(9)   To the extent Reed claims that he could not be sentenced to a minimum mandatory sentence of five years for PFDCF under Section 1447A(b) because the jury did  not find he possessed a firearm beyond a reasonable doubt, he ignores the jury's guilty verdict on the PFDCF charge.  In addition, this is an attack on the legality of Reed's PFDCF conviction.  The limited purpose of Rule 35(a) is to permit correction of an illegal sentence.[14]  Rule 35(a) is not a means for a defendant to attack the legality of his convictions, as Reed does here.[15]  We conclude that Reed's attacks on his sentence are without merit and the Superior Court did not err in denying his motion for correction of sentence.

---

[13] *Id.* at 2155, 2160 n.1.

[14] *Brittingham v. State*, 705 A.2d at 578.

[15] *See, e.g.*, *Nichols v. State*, 2006 WL 3578638, at *1 (Del. Dec. 11, 2006) (holding Rule 35(a) motion was not appropriate vehicle for defendant arguing that sentence was illegal because underlying conviction was not supported by evidence); *Brittingham v. State*, 705 A.2d at 578 (concluding that challenges to validity of convictions were outside scope of Rule 35(a)).

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED

and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice